**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Harper,<br><br>        Petitioner,<br><br>vs.<br><br>Louis Winn, Warden,<br><br>        Respondent. | No. CV 15-065-TUC-LAB<br><br>**ORDER** |

      Pending before the court is a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241, filed by Robert Harper, an inmate confined in the United States Penitentiary in Tucson, AZ. (Doc. 1)  He argues the Bureau of Prisons (BOP) did not properly apply his good time credits to advance his parole eligibility date.

      Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 23)

      The petition will be dismissed as moot.  Harper is already eligible for parole.

SUMMARY OF THE CASE

      On November 30, 1976, Harper was convicted in the District of Columbia Superior Court of burglary, rape, and prison breach.  (Doc. 15, p. 29)  On December 3, 1986, Harper was convicted in the District of Columbia Superior Court of armed burglary, rape while armed, sodomy, armed robbery, and carrying a dangerous weapon.  (Doc. 15, p. 30)  On April, 3, 1987, Harper was convicted in the U.S. District Court for the Eastern District of Virginia of rioting,

1  and assault on a correctional officer. (Doc. 15, pp. 30-31) His aggregate term of imprisonment
2  is 35 years and 4 months to life. (Doc. 15, p. 31)

3  On February 12, 2015, Harper filed the pending petition arguing that the BOP failed to
4  correctly calculate his "Good Time Credits, Meritorious Good Time Credits and Return of Good
5  Time Credits forfeited and reinstated on appeal." (Doc. 1, p. 4) He asks "[t]hat this court
6  ORDER that the Good Time Credits in the amount of 1,955 days be credited and Petitioner's
7  Parole Eligibility Date be adjusted accordingly." (Doc. 1, p. 5) (emphasis in original)

8  Harper's primary sentences were imposed by the District of Columbia. Nevertheless,
9  he is being held in the custody of the Bureau of Prisons (BOP) pursuant to the Revitalization
10 Act of 1997. *Harvell v. Winn,* 2015 WL 1883982 *2 (D.Ariz. 2015). Pursuant to that Act, the
11 BOP is responsible for computing the sentences of D.C.Code offenders and administering the
12 D.C. parole system. *Id.* Under the District of Columbia's indeterminate sentencing scheme, "an
13 offender would be sentenced to a range (i.e., 15 years to life) and would be eligible for parole
14 upon reaching the minimum sentence imposed by the judge minus good time credits." *Sellmon*
15 *v. Reilly*, 551 F.Supp.2d 66, 70 n.3 (D.D.C. 2008); *see also Feaster v. Federal Bureau of*
16 *Prisons*, 2014 WL 4322402, 3 (D.Ariz. 2014).

17 In his answer, the respondent argues that the petition should be denied for failure to
18 exhaust administrative remedies. In the alternative, the respondent asserts that the BOP has
19 correctly credited Harper with all allowable good time. Harper is currently earning five days
20 of "extra good time credit" per month pursuant to 28 C.F.R. § 523.10. (Doc. 15, ¶ 15); *see also*
21 Program Statement 5880.33 (www.bop.gov/policy/progstat/5880_033.pdf) As of July 28, 2015,
22 he has been given credit for 1,131 days. *Id.*

23 The court finds this case should be dismissed as moot.

25 Discussion

26 A party seeking to invoke the jurisdiction of the federal courts must, as a threshold
27 matter, establish "standing" under Article III of the United States Constitution. *Schmier v. U.S.*
28 *Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820-21 (9th Cir. 2002). The "core" or

"bedrock" elements of standing are "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Id.*

Mootness is a related term sometimes defined as "the doctrine of standing set in a time frame." *U. S. Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *American Cas. Co. of Reading, Pennsylvania v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994). When a case becomes moot, the court loses jurisdiction and the matter must be dismissed. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797-99 (9th Cir. 1999).

In his petition, Harper asks that an additional 1,955 days be credited to his minimum sentence in order to hasten his parole eligibility date. Harper, however, is already eligible for parole. On October 26, 2010, the BOP applied Harper's good time credits and adjusted his parole eligibility date to November of 2012. (Doc. 1-2, p. 17) He had a parole hearing on February 14, 2013, but parole was denied. *Id*. His next parole date is set for February of 2016. *Id*.

Harper is already eligible for parole. Accordingly, giving him additional good time credit will not do him any good. His petition is moot. *See, e.g., Akbar-El v. Wilkinson*, 1999 WL 282688, 2 (6th Cir. 1999) (unpublished); *Haywood v. District of Columbia*, 1991 WL 32217, 1 (D.C.Cir. 1991) (unpublished) ("Because appellant has already served his minimum sentence under the federal good time credits scheme, the application of the D.C. Good Time Credits Act would not serve to hasten his parole eligibility date or shorten his sentence."); *Johnson v. Riveland*, 855 F.2d 1477, 1480 (10th Cir. 1988); *Corbett v. Luther*, 778 F.2d 950, 953 (2nd Cir.1985); *Siliezar v. Board of Parole Hearings*, 2014 WL 656558, 6 (C.D.Cal. 2014) ("Likewise, to the extent that Petitioner may argue that his minimum eligible parole date was improperly calculated because it did not include good time credit, that claim is unavailing, since it only alleges a violation of state law or regulations, and *it is assumedly moot in light of the two parole hearings that Petitioner has received to date*.") (emphasis added)

The court further observes that the good time calculation has no effect on the timing of Harper's next scheduled parole hearing. The date of the next hearing is determined[1] from the date of the prior hearing, not the parole eligibility date. *See* 28 C.F.R. § 2.75(a)(1)(iv) ("Following an initial or subsequent hearing, the Commission may . . . [s]chedule a reconsideration hearing at three years from the month of the hearing . . . ."). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed on February 12, 2015, by Robert Harper is DENIED. (Doc. 1)

The Clerk is directed to prepare a judgment and close the case.

DATED this 27th day of October, 2015.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

---

[1] The record does not indicate which rule the Parole Commission applied when it set the date for Harper's next parole hearing. It is possible that the Commission applied the old 1987 Guidelines rather than §2.75(a)(1)(iv). *See* 28 C.F.R. § 2.80(o)(1). It does not matter if it did because even under the old 1987 Guidelines, the reconsideration date is determined from the date of the prior hearing, not the parole eligibility date. *See Harvell v. Winn,* 2015 WL 1883982 *6 (D.Ariz. 2015);  28 DCMR §§ 104.2, 104.11 (Dec. 16, 1987).

- 4 -